# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO.  3:23-CV-513-MOC-DCK

| | | |
|---|---|---|
| WORLEY OF MICHIGAN, INC., | ) | |
| | ) | |
| **Movant,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| GESS RNG BIOGAS USA, LLC, | ) | |
| | ) | |
| **Respondent**. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Movant's "Motion To Compel Post-Judgment Discovery" (Document No. 9).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion and the record, and following consultation with the Honorable Max O. Cogburn's chambers, the undersigned will <u>grant</u> the motion.

## BACKGROUND

Worley Of Michigan, Inc. ("Movant" or "Worley") initiated this action with the filing of its "...Motion For Order Confirming Arbitration Award And Entering Judgment" (Document No. 1) on August 15, 2023.  On January 18, 2023, Judge Cogburn issued an Order confirming the underlying Final Award and entering Judgment in favor of Movant.  (Document No. 6).

Judge Cogburn noted that GESS RNG Biogas USA, LLC ("Respondent" or "GESS") "has not moved to vacate, modify, or correct the Final Award and the time to do so has expired." (Document No. 6, p. 1).  Judge Cogburn further opined as follows:

> The Final Award represents a complete and final determination of all claims submitted to the Arbitrator pursuant to a binding agreement to arbitrate.  Confirmation of a final award that has not

been vacated, modified, or corrected is a summary proceeding. <u>Sverdrup Corp. v. WHC Constructors, Inc.</u>, 989 F.2d 148, 150 (4th Cir. 1993) ("Section 9 of the Federal Arbitration Act provides a mechanism for summary confirmation of arbitration awards"); <u>Taylor v. Nelson</u>, 788 F.2d 220, 225 (4th Cir. 1986) (holding that a confirmation proceeding is intended to be summary). Here, the award issued by the arbitrator was agreed to by both parties and has not been vacated, modified, or corrected. The Court will, therefore, confirm the uncontested award.

(Document No. 6, p. 2).

The Clerk's "Judgment In Case" (Document No. 7) was issued on January 18, 2024; and a "Writ Of Execution" (Document No. 8). was issued on March 15, 2024.

The pending Motion To Compel Post-Judgment Discovery" (Document No. 9) was filed on May 29, 2024. Respondent has failed to file any response to the pending motion, and the time to do so has lapsed. See LCvR 7.1(e).

## DISCUSSION

By the pending motion, Movant seeks to compel Respondent's responses to post-judgment interrogatories and requests for production. (Document No. 9, p. 1). Movant contends that discovery responses were due by March 11, 2024. (Document No. 9-1, p. 1).

Movant provides the following instructive summary of legal authority in support of its position.

> Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor – as provided in these rules…." A judgment creditor may elect to proceed under the Federal Rules of Civil Procedure in taking post-judgment discovery as opposed to seeking discovery based upon N.C. Gen. Stat. § 1-352. *See Travelers Indemnity of Illinois v. Hash Management, Inc.*, 173 F.R.D. 150, 154 (M.D.N.C. 1997). Courts have recognized a "presumption … in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va.

2

2012). "It is generally true that the judgment creditor must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor." *Id.* at 291; *see also Republic of Argentina v. NML Capital Ltd.*, 134 S.Ct. 2250, 2254 (2014) ("the rules governing discovery in post-judgment execution proceedings are quite permissive."). Worley's post-judgment discovery requests seek information that is standard for a judgment creditor to request under Rule 69. Pursuant to Fed. R. Civ. Pr. 37(a), a party may move the court in which the action is pending for an order compelling discovery responses.

(Document No. 9-1, p. 2).

Based on Movant's concise and persuasive brief, and again noting Respondent's failure to provide any response at all, the undersigned will grant the pending motion to compel.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Post-Judgment Discovery" (Document No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent GESS shall: (1) provide signed and complete interrogatory responses to Movant Worley's pending post-judgment interrogatories; and (2) certify its completed production of all documents requested by Movant Worley's pending post-judgment requests for production – on or before **July 12, 2024**.

**SO ORDERED**.

Signed: June 25, 2024

David C. Keesler
United States Magistrate Judge

3